# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **TRAVIS LAMONT SUGGS,** | ) |
| | ) NO. 3:21-cv-00870 |
| **v.** | ) |
| | ) JUDGE CAMPBELL |
| **UNITED STATES OF AMERICA** | ) |

## MEMORANDUM

Pending before the Court is Petitioner Travis Lamont Suggs' *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1), the Government's response (Doc. No. 6), and Petitioner's reply (Doc. No. 10). For the reasons set forth herein, Petitioner's *pro se* Motion (Doc. No. 1) will be **DENIED**, and this action **DISMISSED**.

### I. BACKGROUND

In February 2019, a jury convicted Suggs of illegally possessing methamphetamine with intent to distribute it. (*See* Doc. No. 87). The Court sentenced him to serve 151 months in prison. (Doc. No. 99). On appeal Suggs claims the police lacked probable cause to block his car, that an officer was wrongly permitted to provide opinion testimony, that the jury was given an improper flight instruction, and that the Court failed to account for various factors at sentencing. (*See United States v. Travis Suggs*, Case No. 19-5942 (6th Cir. Aug. 5, 2020) (filed in this case at Doc. No. 120). The Sixth Circuit reject each of these arguments and affirmed the conviction and sentence. (*Id.*).

Now before the Court is Petitioner's motion to vacate arguing that his trial attorney rendered ineffective assistance of counsel by failing to object to the "use of an all white jury" in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). (*See* Doc. No. 1). Petitioner contends his appellate counsel was ineffective for failing to raise the same issue on appeal. (*Id.*).

## II. LEGAL STANDARD

Petitioner brings this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)); *see also*, *Wright v. Jones*, 182 F.3d 458, 463 (6th Cir. 1999).

To prevail on an ineffective assistance of counsel claim, the burden is on the petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice resulted from the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011); *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland*, 466 U.S. at 669; *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." *Strickland*, 466 U.S. at 689. In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. at 669.

If a factual dispute arises in a Section 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because disposition of Petitioner's claims does not require the resolution of any factual dispute.

### III. ANALYSIS

Petitioner claims that his trial attorneys rendered ineffective assistance of counsel because they failed to object to the use of an all-white jury. As supporting facts, Petitioner asserts:

1. Trial counsel failed to object to the use of an all white jury during a trial in violation of Batson v. Kentucky.

2. Petitioner is a black male who was convicted by an all while jury in a trial involving the use of an govern[]ment witness who is an avowed white supremist.

3. Being a black male who was tried before an all white jury with a white supremist as the government's key witness, Petitioner was convicted in violation of Due Process.

4. Due to the racial makeup of the jury, Petitioner was denied a f[u]ndamentally fair adversarial proceeding.

5. Defense counsel did not object to the use of an all white jury.

(Doc. No. 1 at PageID# 4).

Petitioner also claims ineffective assistance of appellate counsel and supports this claim with the following facts:

1. Just as with trial counsel, appellate counsel failed to raise Petitioner's valid "Batson" claim on direct appeal.

2. Plain error occurred at trial by the use of an all white jury when Petitioner is a black male.

3. Appellate counsel should have known that the use of an all white jury when Petitioner is black violated his right to a fair, impartial jury.

(*Id*. at PageID# 5).

In response, the Government begins by challenging Petitioner's assertion that the final seated jury was all white. The Government submitted data obtained from the electronic Jury Management System which shows that there were three African Americans on the 32-member venire, and that two members of the empaneled jury were African American. (*See* Doc. No. 6-1, 6-2). Petitioner acknowledges that "two (2) of the alternate jurors were black," but argues "that fails to cure the error of an unfair trial" because "[a]ll twelve voting members of the jury were white." (Doc. No. 10). Petitioner asserts that "[t]heir race was the clear motivation as to why the two black jurors were chosen as alternates and [were] excluded from the voting panel." (*Id*.).

It is apparent from Petitioner's filings that he contends trial counsel should have objected to the racial makeup of the petit jury. "The Equal Protection Clause does not entitle a

4

defendant to a petit jury composed in whole or in part of his own race; however, it does guarantee 'that the [government] will not exclude members of [the defendant's] race from the jury venire on account of race or on the false assumption that members of his race as a group are not qualified to serve as jurors.'" *United States v. McAllister*, 693 F.3d 572, 578 (2012) (internal citation omitted) (citing *Batson v. Kentucky*, 476 U.S. 78, 85-86 (1986)). In other words, the defendant has "the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria." *Id*.

Petitioner's challenge fails because he does not identify any juror who was struck by the government in violation of *Batson*. In his reply, Petitioner suggests that the government specifically excluded the alternate jurors from the "voting pool" "because the government knew use of their white supremist witness would inflame the emotions of the voting black jurors, and thus potentially result in a hung jury or acquittal." (*See* Doc. No. 10). Petitioner's suggestion that the Government chose which jurors were alternates is unsupported by any evidence. Despite Petitioners suggestion to the contrary, the Government has no role in determining which jurors are designated alternates. Jurors are seated in a randomized numerical order and determination of alternates was also made on this basis.

Accordingly, Petitioner cannot show that trial counsel's representation fell below an objective standard of reasonableness for failing to object to the jury panel or the designation of alternate jurors. Such an objection would have been without merit and, if raised, would have been denied by the Court. For the same reason, appellate counsel was not constitutionally deficient for failing to raise the issue on appeal.

5

Case 3:21-cv-00870   Document 11   Filed 10/02/24   Page 5 of 6 PageID #: 48

## IV. CONCLUSION

For the foregoing reasons, Petitioner has not shown deficient performance by his trial attorney, or any prejudice based on failure of trial counsel or appellate counsel to challenge the jury panel or designation of alternate jurors. Accordingly, Petitioner's Motion (Doc. No. 1) is **DENIED**, and this action **DISMISSED**.

An Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE